**ORIGINAL**



FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

AUG 1 4 2009

JAMES N. HATTEN, Clerk
By: Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SILVER SPRING NETWORKS, INC., <br><br> Plaintiff, <br><br> v. <br><br> SIPCO, LLC, <br><br> Defendant. | CIVIL ACTION NO. <br> _____ <br><br> 1 09-CV-2215 |



**COMPLAINT FOR DECLARATORY JUDGMENT OF
NONINFRINGEMENT/INVALIDITY**

Plaintiff Silver Spring Networks, Inc. ("SSN"), by and through its attorneys of record, complains against Defendant SIPCO LLC ("SIPCO") and avers as follows:

## NATURE OF ACTION

1. This action is based on the patent laws of the United States, Title 35 of the United States Code. SSN seeks a declaration that its products do not infringe United States Patent Nos. 6,437,692 (the "'692 Patent"), 7,053,767 (the "'767 Patent") and 7,468,661 (the "'661 Patent"), and/or that these patents are invalid.

## THE PARTIES

2. SSN is a corporation organized and existing under the laws of the State of Delaware, having offices at 555 Broadway Street, Redwood City, California.

3. SIPCO is a limited liability company organized and existing under the laws of the State of Georgia, having its principal place of business in Atlanta, Georgia.

## JURISDICTION AND VENUE

4. This is a civil action, regarding allegations of patent infringement by SIPCO arising under the patent laws of the United States, Title 35 of the United States Code, in which SSN seeks declaratory judgment under the Declaratory Judgment Act. Thus, the Court has jurisdiction over the subject matter of this matter under 28 U.S.C. §§1331, 1338(a), 2201 and 2202.

5. This Court has personal jurisdiction over SIPCO because SIPCO is a Georgia limited liability company with its principal place of business in Atlanta, Georgia. SIPCO conducts business licensing and enforcement of its patent portfolio from its office in Atlanta, Georgia.

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) and 1400(b).

## GENERAL ALLEGATIONS

7. SSN is in the business of designing, developing and providing Smart Grid Products, which are systems and components used to monitor, read and operate utility meters over a wide area network.

8. On information and belief, SIPCO is an intellectual property holding company that has asserted infringement of the '692, '767, and '661 Patents against an SSN customer based on alleged use of SSN's Smart Grid systems and products for wireless monitoring of utility meters.

9. The '692 Patent, entitled "System and Method for Monitoring And Controlling Remote Devices," was issued on August 20, 2002 to named inventors Thomas D. Petite and Richard M. Huff. A copy of the '692 Patent is attached as Exhibit A.

10. The '767 Patent, entitled "System and Method for Monitoring And Controlling Remote Devices," was issued on May 30, 2006 to named inventors Thomas D. Petite and Richard M. Huff. A copy of the '767 Patent is attached as Exhibit B.

11. The '661 Patent, entitled "System and Method for Monitoring And Controlling Remote Devices," was issued on December 23, 2008 to named

inventors Thomas D. Petite and Richard M. Huff. A copy of the '661 Patent is attached as Exhibit C.

12. On information and belief, named inventor Petite resides in Douglasville, Georgia and also is a founder of SIPCO.

13. On information and belief, named inventor Huff resides in Conyers, Georgia.

14. On July 27, 2009, SIPCO filed suit against one of SSN's customers, Florida Power and Light Company ("FPL"), in the United States District Court for the Southern District of Florida, alleging infringement of the '692, '767, and '661 Patents. (Case No. 09-22209) (the "Florida Lawsuit"). In the Florida Lawsuit, SIPCO alleges that FPL's deployment of "wireless network technology similar to that found in its Smart Grid system, known in part as the Energy Smart Miami initiative" infringes the 692, '767, and '661 Patents.

15. SSN designed and developed the above-referenced Smart Grid system and the components that comprise it, and has sold that system and those components to FPL. By agreement with FPL, SSN is required to, and has agreed to, indemnify FPL for claims of infringement related to such system and components, including those asserted in the Florida Lawsuit.

16.   Accordingly, an actual, live and justiciable case or controversy has arisen concerning the alleged infringement of the '692, '767, and '661 Patents by SSN's Smart Grid system and the invalidity of those patents.

### SIPCO's Patents Are Not Infringed And Are Invalid

17.   The '692, '767, and '661 Patents are not infringed, either literally or under the doctrine of equivalents, by any Smart Grid Product manufactured, used, sold, or offered for sale, or imported by SSN.

18.   Prior art that was not before and/or not considered by the USPTO during the prosecution of the applications that issued as the '692, '767, and '661 Patents anticipates the '692, '767, and '661 Patents and/or renders them obvious. On information and belief, had this prior art been before the USPTO during the prosecution, the '692, '767, and '661 Patents would not have issued.

19.   Accordingly, the 692, '767, and '661 Patents are not infringed, and are invalid for failure to comply with the conditions of patentability set forth in Title 35, United States Code.

### FIRST CAUSE OF ACTION

**Declaratory Judgment That The '692 Patent is Invalid**

20.   SSN repeats and incorporates herein Paragraphs 1 through 19.

21. SIPCO contends that the '692 Patent, and each of its claims, are valid, and that SSN's Smart Grid Products deployed by its customers infringe the '692 Patent.

22. An actual, live and justiciable case or controversy exists between SSN and SIPCO as to whether the '692 Patent, and each of its claims, are invalid.

23. SSN denies those contentions, and alleges that the '692 Patent is invalid for failing to meet the conditions for patentability set forth in 35 U.S.C. §§ 102, 103 and/or 112.

24. As a result, SSN seeks, and is entitled to, a declaratory judgment against SIPCO that the '692 Patent is invalid.

## SECOND CAUSE OF ACTION

### Declaratory Judgment That The '692 Patent is Not Infringed

25. SSN repeats and incorporates herein Paragraphs 1 through 19.

26. SIPCO contends that the '692 Patent, and each of its claims, are valid, and that SSN's Smart Grid Products deployed by its customers infringe the '692 Patent.

27. An actual, live and justiciable case or controversy exists between SSN and SIPCO as to whether SSN's Smart Grid Products infringe SIPCO's alleged rights under the '692 Patent.

28. SSN denies those contentions, and alleges that the '692 Patent, and each of its claims, are not infringed.

29. As a result, SSN seeks, and is entitled to, a declaratory judgment against SIPCO that the '692 Patent is not infringed, either literally or under the doctrine of equivalents.

### THIRD CAUSE OF ACTION

**Declaratory Judgment That The '767 Patent is Invalid**

30. SSN repeats and incorporates herein Paragraphs 1 through 19.

31. SIPCO contends that the '767 Patent, and each of its claims, are valid, and that SSN's Smart Grid Products deployed by its customers infringe the '767 Patent.

32. An actual, live and justiciable case or controversy exists between SSN and SIPCO as to whether the '767 Patent, and each of its claims, are valid.

33. SSN denies those contentions, and alleges that the '767 Patent is invalid for failing to meet the conditions for patentability set forth in 35 U.S.C. §§ 102, 103 and/or 112.

34. As a result, SSN seeks, and is entitled to, a declaratory judgment against SIPCO that the '767 Patent is invalid.

## FOURTH CAUSE OF ACTION

### Declaratory Judgment That The '767 Patent is Not Infringed

35. SSN repeats and incorporates herein Paragraphs 1 through 19.

36. SIPCO contends that the '767 Patent, and each of its claims, are valid, and that SSN's Smart Grid Products deployed by its customers infringe the '767 Patent.

37. An actual, live and justiciable case or controversy exists between SSN and SIPCO as to whether SSN's Smart Grid Products infringe SIPCO's alleged rights under the '767 Patent.

38. SSN denies those contentions, and alleges that the '767 Patent, and each of its claims, are not infringed.

39. As a result, SSN seeks, and is entitled to, a declaratory judgment against SIPCO that the '767 Patent is not infringed, either literally or under the doctrine of equivalents.

## FIFTH CAUSE OF ACTION

### Declaratory Judgment That The '661 Patent is Invalid

40. SSN repeats and incorporates herein Paragraphs 1 through 19.

41. SIPCO contends that the '661 Patent, and each of its claims, are valid, and that SSN's Smart Grid Products deployed by its customers infringe the '661 Patent.

42. An actual, live and justiciable case or controversy exists between SSN and SIPCO as to whether the '661 Patent, and each of its claims, are valid.

43. SSN denies those contentions, and alleges that the '661 Patent is invalid for failing to meet the conditions for patentability set forth in 35 U.S.C. §§ 102, 103 and/or 112.

44. As a result, SSN seeks, and is entitled to, a declaratory judgment against SIPCO that the '661 Patent is invalid.

## SIXTH CAUSE OF ACTION

### Declaratory Judgment That The '661 Patent is Not Infringed

45. SSN repeats and incorporates herein Paragraphs 1 through 19.

46. SIPCO contends that the '661 Patent, and each of its claims, are valid, and that SSN's Smart Grid Products deployed by its customers infringe the '661 Patent.

47. An actual, live and justiciable case or controversy exists between SSN and SIPCO as to whether SSN's Smart Grid Products infringe SIPCO's alleged rights under the '661 Patent.

48. SSN denies those contentions, and alleges that the '661 Patent, and each of its claims, are not infringed.

49. As a result, SSN seeks, and is entitled to, a declaratory judgment against SIPCO that the '661 Patent is not infringed, either literally or under the doctrine of equivalents.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff SSN prays for Orders and Judgment as follows:

    a. A preliminary injunction and permanent enjoining SIPCO, and all operating on its behalf or in concert with it, from brining or prosecuting suit against FPL or any other of SSN's customers for purported infringement of the '692, the '767 or the '661 Patents in connection with SSN's Smart Grid Products during the pendency of this action and/or thereafter;

    b. A declaration that SSN's Smart Grid Products do not infringe, literally or under the doctrine of equivalents, any valid and enforceable claim of the '692, the '767 or the '661 Patents;

    c. A declaration that the '692, the '767 or the '661 Patents are invalid and that SIPCO is without any right or authority to

    enforce or threaten to enforce any claim of the '692, the '767 or the '661 Patents against SNN or any other party;

d. A declaration that SSN and its customers are free to operate without cloud of infringement claims by Defendants; and

e. Orders and judgment granting SSN all appropriate monetary relief, including a finding that this case is an exceptional case under 35 U.S.C. §285 and awarding SSN's reasonable attorneys fees and costs incurred in this action.

## DEMAND FOR JURY TRIAL

SSN hereby demands a jury trial as provided by law.

Dated: August 14, 2009        By: /s/ Ryan T. Pumpian
                                  Ryan T. Pumpian
                                  Georgia Bar No. 589822
                                  Damon J. Whitaker
                                  Georgia Bar No. 752722
                                  BRYAN CAVE POWELL GOLDSTEIN
                                  One Atlantic Center
                                  Fourteenth Floor
                                  1201 West Peachtree Street, NW
                                  Atlanta, GA 30309-3488
                                  Telephone: (404) 572-6600
                                  Facsimile: (404) 572-6999

                                  <u>Of Counsel</u>:
                                  Laurence F. Pulgram,
                                  California Bar No. 115163
                                  Michael J. Sacksteder
                                  California Bar No. 191605
                                  David D. Schumann
                                  California Bar No. 223936
                                  FENWICK & WEST LLP
                                  555 California Street
                                  12th Floor
                                  San Francisco, CA 94104
                                  Telephone: (415) 875-2300
                                  Facsimile: (415) 281-1350

                                  Attorneys for Plaintiff
                                  SILVER SPRING NETWORKS